IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
ASSIGNED ON BRIEF APRIL 29, 2010


ROBERT J. MILLER v. STEPHANIE L. MILLER


**Direct Appeal from the Circuit Court for Hamilton County**
**No. 09-D-1799      W. Jeffrey Hollingsworth, Judge**

_____


**No. E2009-02090-COA-R3-CV - FILED MAY 14, 2010**

_____


Wife appeals the entry of an order of protection against her. Because the order of protection has expired, the appeal is moot, and therefore, is dismissed.


**Tenn. R. App. 3; Appeal as of Right; Appeal Dismissed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J. and HOLLY M. KIRBY, J., joined.

Phillip C. Lawrence, Chattanooga, Tennessee, for the appellant, Stephanie L. Miller

No appearance on behalf of the appellee, Robert J. Miller

# MEMORANDUM OPINION[1]

Stephanie L. Miller appeals a judgment of the Circuit Court for Hamilton County which entered an order of protection against her in favor of Robert J. Miller. On appeal, Ms. Miller contends that the trial court misapprehended her testimony in granting the order of protection.

A review of the order assailed which was entered on September 10, 2009, and amended on September 11, 2009, reveals that it "shall remain in effect for a period of[] 90 days [and] Petitioner, upon notice to Respondent, may request a continuation of this Order." From the record, it does not appear that Mr. Miller has requested a continuance of the order of protection and, clearly, it has long since expired, rendering this appeal moot. *See Winningham v. Trotter*, No. 03A01-9112-CV-00423, 1992 WL 94717, at *1 (Tenn. Ct. App. May 8, 1992).

For the foregoing reasons the appeal is dismissed. Costs of this appeal are taxed to Appellant, Stephanie L. Miller, and her surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

---

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.